Gibney, Anthony & Flaherty, LLP
John Macaluso (JM 2058)
Amy Celeste Van Eepoel (ACV 1224)
665 Fifth Avenue
New York, New York 10022
Telephone (212) 688-5151
Facsimile (212) 688-8315
E-mail: jmacaluso@gibney.com

*Of Counsel:*
STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
Telephone (954) 767-4819
Facsimile (954) 767-4821
E-mail: stephen@smgpa.net

Attorneys for Plaintiff
Chanel, Inc.



**JUDGE DANIELS**

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York corporation ) | Case No. **07 CIV 6679** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| v. ) | **AND INJUNCTIVE RELIEF** |
| ) | |
| HEATHER L. GARDNER a/k/a ) | |
| HEATHER BENJAMIN d/b/a ) | |
| GARDNERINC.NET d/b/a ) | |
| SHOPWITHCLASS d/b/a ) | |
| DEZ9ERDREAMZ, and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, CHANEL, INC., a New York corporation ("Chanel" or "Plaintiff") sues defendants,

HEATHER L. GARDNER a/k/a HEATHER BENJAMIN d/b/a GARDNERINC.NET d/b/a

SHOPWITHCLASS d/b/a DEZ9ERDREAMZ ("Gardner") and DOES 1-10 (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121, and 1125. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 because Defendants conduct business in this District through the use of the fully-interactive website "GardnerInc.net."

## THE PARTIES

2.     Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 9 West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, handbags, wallets, shoes, sunglasses, watches, and hair accessories under the federally registered trademarks CHANEL and CC MONOGRAM (collectively, the "Chanel Marks").

3.     Gardner is an individual who, upon information and belief, resides within this Judicial District at 204 Eleanor Street, Horseheads, New York 14845 and conducts business within this Judicial District at 46 Oak Hill Road, Horseheads, New York 14845. Gardner uses at least the names GardnerInc.net, ShopWithClass, and Dez9erDreamz as aliases to operate her business.

4.     Upon information and belief, Gardner is directly and personally engaging in the sale of counterfeit products within this Judicial District as alleged herein.

5.     Defendants Doe 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged

2

herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff is presently unaware of the true names of Does 1 through 5. Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

6. Defendants Doe 6 through 10 are business entities which, upon information and belief, reside and/or conduct business within this Judicial District. Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff is presently unaware of the true names of Does 6 through 10. Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

## COMMON FACTUAL ALLEGATIONS

7. Chanel is the owner of the following U. S. trademark registrations:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CC MONOGRAM | 3,025,936 | December 13, 2005 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |
| CC MONOGRAM | 1,654,252 | August 20, 1991 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,241,265 | June 7, 1983 |

| | | |
|---|---|---|
| CHANEL | 0,915,139 | June 15, 1971 |
| CHANEL | 3,134,695 | August 29, 2006 |
| CHANEL | 3,133,139 | August 22, 2006 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CHANEL | 0,955,074 | March 13, 1973 |

These marks are registered in International Classes 9, 14, 18, 25, and 26 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, travel bags, luggage, credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, attache cases, shoes, sunglasses, watches, and hair accessories, including ponytail holders and barrettes. True and correct copies of these federal trademark registrations herein referred to as the "Chanel Marks" are attached as **Exhibit 1.**

8. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags, wallets, shoes, sunglasses, watches, necklaces, costume jewelry, hair accessories, and other products for an extended period of time.

9. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

10. The Chanel Marks are symbols of the Plaintiff's quality, reputation, and goodwill and have never been abandoned.

11. Further, Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12. Plaintiff has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of handbags, wallets, shoes, sunglasses, watches, hair accessories, and other goods and has carefully monitored and policed the use of the Chanel Marks.

13. As a result of the Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high quality merchandise sponsored and approved by Chanel.

14. Accordingly, the Chanel Marks have achieved secondary meaning as an identifier of high quality products, including handbags, wallets, shoes, sunglasses, watches, hair accessories, and other goods.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license the Chanel Marks and the goodwill associated therewith.

16. Chanel has discovered the Defendants are promoting and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least handbags, wallets, shoes, sunglasses, watches, and hair accessories bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Chanel Marks in the same stylized fashion for different quality goods.

17. On January 18, 2006, Chanel wrote to Defendants at 204 Eleanor Street, Horseheads, New York 14845, informing Defendants of the illegality and potential penalties for the sale of goods bearing counterfeits of the Chanel Mark through Defendants' websites.

18. On January 26, 2006, Gardner replied to Chanel stating that she has stopped selling goods bearing counterfeits of the Chanel marks.

19. On November 6, 2006, Chanel's counsel wrote to Defendants at 204 Eleanor Street, Horseheads, New York 14845, again informing Defendants of the illegality and potential penalties for the sale of goods bearing counterfeits of the Chanel Mark through Defendants' websites.

20. On December 6, 2006, Gardner again replied to Chanel stating that she has stopped selling goods bearing counterfeits of the Chanel marks.

21. Upon information and belief, Defendants are still offering for sale goods bearing counterfeits of the Chanel Mark on their websites.

22. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different from Chanel's genuine goods. The Defendants, upon information and belief, are actively promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of the Defendants' actions is to confuse consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

23. Upon information and belief, the Defendants import their Counterfeit Goods and advertise those goods for sale to the consuming public. In advertising these products, the Defendants use the Chanel Marks. Indeed, the Defendants, upon information and belief, misappropriated Chanel's advertising ideas and business styles with respect to Chanel's genuine products. Upon information and belief, the Defendants misappropriated Chanel's advertising ideas in the form of the Chanel Marks, in part, in the course of Defendants' own advertising activities. The Defendants' acts are the proximate cause of damage to Chanel.

24. Upon information and belief, the Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States.

Defendants' infringement and disparagement of Chanel's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance. By their activities, the Defendants are defrauding Chanel and the consuming public for their own benefit.

25. The Defendants' use of the Chanel Marks, including the importation, promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Goods, is without Chanel's consent or authorization.

26. Further, the Defendants, upon information and belief, may be engaging in the above-described illegal counterfeiting activities knowingly and intentionally, or with reckless disregard or willful blindness to Chanel's rights, for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' counterfeiting activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

27. The Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between Chanel's genuine goods and the Defendants' Counterfeit Goods.

28. Chanel has no adequate remedy at law.

29. Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

30. The injuries and damages sustained by Chanel are directly and proximately caused by the Defendants' wrongful importation, advertisement, promotion, and sale of their Counterfeit Goods.

31. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO 15 U.S.C. §1114

32. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

33. This action is for trademark counterfeiting and infringement against the Defendants based on the Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

34. Specifically, the Defendants, upon information and belief, are importing, promoting, and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing handbags, wallets, shoes, sunglasses, watches, hair accessories, and other goods. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell counterfeit handbags, wallets, shoes, sunglasses, watches, hair accessories, and other goods.

35. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

36. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

37. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. §1114.

38. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO 15 U.S.C § 1125 (a)

39. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

40. Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

41. The Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of the Plaintiff's respective genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

42. The Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to describe or represent such goods falsely and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

43. Specifically, the Defendants, upon information and belief, authorized and engaged in an infringing use of the Chanel Marks in the Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, shoes, sunglasses, watches, and hair accessories. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

44. The Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Plaintiff has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### COUNT III - TRADEMARK DILUTION
### PURSUANT TO 15 U.S.C § 1125 (c)

46. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

47. The Chanel Marks are famous marks within the meaning of 15 U.S.C. § 1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world, and are highly recognizable by the trade and the consuming public. Further, the Plaintiff actively polices the use of the Chanel Marks by third parties.

48. The Defendants are engaged in a commercial use of the Chanel Marks in commerce.

49. The Defendants' above-described counterfeiting activities are disparaging, damaging, and lessening to the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, the Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and the Defendants' Counterfeit Goods.

50. The Defendants' actions described herein may have been engaged in intentionally or with a reckless disregard for or willful blindness to the Plaintiff's rights for the purpose of trading on the Plaintiff's reputation and diluting the Chanel Marks.

51. As a result of the above described diluting and disparaging activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

52. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

53. This action is for trademark infringement against the Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Chanel's common law trademark rights.

54. Specifically, the Defendants are importing, promoting, and otherwise advertising, selling, offering for sale, and distributing infringing handbags, wallets, shoes, sunglasses, watches, and hair accessories.

55. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

56. As a result of the above described trademark infringement activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

## COUNT V - COMMON LAW UNFAIR COMPETITION

57. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26 above.

58. This action is for unlawful appropriation of Chanel's exclusive rights in the Chanel Marks and is against the Defendants based on their unauthorized promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are

virtually identical, both visually and phonetically, to the Chanel Marks in violation of New York=s common law of unfair competition.

59. Specifically, the Defendants are unlawfully importing, promoting, and otherwise advertising, selling, offering for sale, and distributing handbags, wallets, shoes, sunglasses, watches, hair accessories, and other goods bearing the Chanel Marks.

60. Defendants' wrongful activities of unauthorized use of the Chanel Marks, in attempting to pass off their products as if they are Chanel products in a manner calculated to deceive members of the trade and the general public, are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' products by their use of the Chanel Marks.

61. The natural, probable, and foreseeable consequences of the Defendants' wrongful conduct have been and will continue to be the deprivation of the exclusive rights Chanel has in and to its intellectual property.

62. Defendants' wrongful acts of unauthorized use of the Chanel Marks have and will continue to cause Chanel substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of its reputation, and diminution of the value of its intellectual property. The harm these wrongful acts cause to Chanel is both imminent and irreparable, and the amount of damage sustained by Chanel will grow even more difficult to ascertain if these acts continue.

63. As a result of the above described wrongful activities of unfair competition by the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

64.    WHEREFORE, the Plaintiff demands judgment jointly and severally against the Defendants as follows:

a.    That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, (i) from importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; (ii) from infringing, counterfeiting, or diluting the Chanel Marks; (iii) from using the Chanel Marks or any mark similar thereto, in connection with the sale of any unauthorized goods; (iv) from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; (v) from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; (vi) from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags, wallets, shoes, sunglasses, watches, hair accessories, and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent Defendants' goods falsely as being those of the Plaintiff, or in any way endorsed by the Plaintiff, and from offering such goods in commerce; (vii) from otherwise unfairly competing with the Plaintiff; (viii) from using or continuing to use the Chanel Marks or trade names or any variation thereof on the Internet (either in the text of the websites, as a key word, search word, metatag, or any

part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Chanel; (ix) from hosting or operating any websites that offer for sale any products bearing counterfeits of the Chanel Marks; (x) from using any e-mail addresses to offer for sale any non-genuine products bearing counterfeits of the Chanel Marks; and (xi) from having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Chanel Marks.

      b.    That the Defendants be required to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. § 1117, or, at Plaintiff's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of one million ($1,000,000) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

      c.    That Plaintiff be awarded punitive damages.

      d.    That Plaintiff be awarded pre-judgment interest on its judgment.

      e.    That Plaintiff be awarded at least treble damages as well as its costs and reasonable attorney fees and investigators fees associated with bringing this action in accordance with 15 U.S.C. § 1117.

   f. That the Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this 24th day of July 2007.

          Respectfully submitted,

          */s/ John Macaluso*

          **GIBNEY, ANTHONY & FLAHERTY, LLP**
          JOHN MACALUSO (JM-2058)
          665 Fifth Avenue
          New York, New York 10022
          Telephone: (212) 688-5151
          Facsimile: (212) 688-8315
          E-mail: jmacaluso@gibney.com

          <u>Of Counsel:</u>
          Stephen M. Gaffigan
          312 Southeast 17th Street, 2nd Floor
          Ft. Lauderdale, FL 33316
          Telephone: (954) 767-4819
          Facsimile: (954) 767-4821
          Email: stephen@smgpa.net